```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
In re:                        :
                              :   10 Civ. 9334 (VM)
COUDERT BROTHERS LLP LAW      :
FIRM ADVERSARY PROCEEDINGS.   :
------------------------------X
In re:                        :
                              :   Bankruptcy Court
COUDERT BROTHERS LLP,         :   No. 06-12226 (RDD)
                              :
              Debtor.         :
------------------------------X
DEVELOPMENT SPECIALISTS, INC.,:
                              :   Bankruptcy Court
              Plaintiff,      :   Adv. P. No. 08-1490 (RDD)
                              :
     - against -              :
                              :
AKIN GUMP STRAUSS HAUER       :
& FELD, LLP,                  :
                              :
              Defendant.      :
------------------------------X
DEVELOPMENT SPECIALISTS, INC.,:
                              :   Bankruptcy Court
              Plaintiff,      :   Adv. P. No. 08-1491 (RDD)
                              :
     - against -              :
                              :
ARENT FOX LLP,                :
                              :
              Defendant.      :
------------------------------X
(Caption continues on next page)
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/22/11

```
------------------------------X
DEVELOPMENT SPECIALISTS, INC.,:
                              :    Bankruptcy Court
              Plaintiff,      :    Adv. P. No. 08-1492 (RDD)
                              :
    - against -               :
                              :
DORSEY & WHITNEY LLP,         :
                              :
              Defendant.      :
------------------------------X
DEVELOPMENT SPECIALISTS, INC.,:
                              :    Bankruptcy Court
              Plaintiff,      :    Adv. P. No. 08-1493 (RDD)
                              :
    - against -               :
                              :
DUANE MORRIS, LLP,            :
                              :
              Defendant.      :
------------------------------X
DEVELOPMENT SPECIALISTS, INC.,:
                              :    Bankruptcy Court
              Plaintiff,      :    Adv. P. No. 08-1494 (RDD)
                              :
    - against -               :
                              :
JONES DAY,                    :
                              :
              Defendant.      :
------------------------------X
DEVELOPMENT SPECIALISTS, INC.,:
                              :    Bankruptcy Court
              Plaintiff,      :    Adv. P. No. 08-1446
                              :
    - against -               :
                              :
JONES DAY and SCOTT JONES,    :
                              :
              Defendants.     :
------------------------------X
(Caption continues on next page)
```

-2-

```
------------------------------X
DEVELOPMENT SPECIALISTS, INC.,:
                              :    Bankruptcy Court
          Plaintiff,          :    Adv. P. No. 08-1433 (RDD)
                              :
    - against -               :
                              :
JONES DAY and                 :
GEOFFROY DE FOESTRAETS,       :
                              :
          Defendants.         :
------------------------------X
DEVELOPMENT SPECIALISTS, INC.,:
                              :    Bankruptcy Court
          Plaintiff,          :    Adv. P. No. 08-1486 (RDD)
                              :
    - against -               :
                              :
JONES DAY and JINGZHOU TAO,   :
                              :
          Defendants.         :
------------------------------X
DEVELOPMENT SPECIALISTS, INC.,:
                              :    Bankruptcy Court
          Plaintiff,          :    Adv. P. No. 08-1495 (RDD)
                              :
    - against -               :
                              :
K&L GATES LLP,                :
                              :
          Defendant.          :
------------------------------X
DEVELOPMENT SPECIALISTS, INC.,:
                              :    Bankruptcy Court
          Plaintiff,          :    Adv. P. No. 08-1496 (RDD)
                              :
    - against -               :
                              :
MORRISON & FOERSTER LLP,      :
                              :
          Defendant.          :
------------------------------X
(Caption continues on next page)
```

```
------------------------------X
DEVELOPMENT SPECIALISTS, INC.,:
                              :    Bankruptcy Court
           Plaintiff,         :    Adv. P. No. 08-1500 (RDD)
                              :
   - against -                :
                              :
SHEPPARD MULLIN RICHTER       :
& HAMPTON LLP,                :
                              :
           Defendant.         :
------------------------------X
DEVELOPMENT SPECIALISTS, INC.,:
                              :    Bankruptcy Court
           Plaintiff,         :    Adv. P. No. 09-1148 (RDD)
                              :
   - against -                :
                              :
DLA PIPER (US) LLP,           :
                              :
           Defendant.         :
------------------------------X
DEVELOPMENT SPECIALISTS, INC.,:
                              :    Bankruptcy Court
           Plaintiff,         :    Adv. P. No. 09-1149 (RDD)
                              :
   - against -                :    DECISION AND ORDER
                              :
DECHERT LLP,                  :
                              :
           Defendant.         :
------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Appellants Akin Gump Strauss Hauer & Feld LLP, Arent Fox LLP, Dorsey & Whitney LLP, Duane Morris LLP, Jones Day,[1] K&L Gates LLP, Morrison & Foerster LLP, Sheppard Mullin Richter & Hamilton LLP, DLA Piper (US) LLP and Dechert LLP

---

[1] Jones Day moves together with its partners Scott Jones, Geoffroy De Foestraets and Jingzhou Tao.

-4-

(collectively, "Law Firms") move pursuant to 28 U.S.C. § 158(a)(3) and Federal Rule of Bankruptcy Procedure 8003(a) for leave to appeal the orders of the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") denying the Law Firms' motions to dismiss certain claims against them in adversary proceedings before the Bankruptcy Court ("Adversary Proceedings"). For the reasons listed below, the Court DENIES the request for leave to appeal.

## I. BACKGROUND[2]

This case arises out of the Chapter 11 bankruptcy of Coudert Brothers LLP ("Coudert"), the New York law firm. In 2006, Coudert's equity partners voted to dissolve the firm. The former Coudert partners joined various other firms, including the Law Firms, to which they brought pending matters they had handled at Coudert.

Development Specialists, Inc. ("DSI"), in its capacity as

---

[2] The factual summary below is derived from the Bankruptcy Court's modified bench ruling, dated August 7, 2009, and from the following submissions of the parties: Memorandum of Law in Support of Law Firm Defendants' Motion for Leave to Appeal Unfinished Business Doctrine Decision ("Law Firms' Mem."), dated December 17, 2010 (Docket No. 12); Memorandum of Law of Development Specialists, Inc. in Opposition to Law Firm Defendants' Motion for Leave to Appeal Unfinished Business Doctrine Decision ("DSI Mem."), dated February 6, 2011 (Docket No. 25); and Reply Memorandum of Law in Further Support of Law Firm Defendants' Motion for Leave to Appeal Unfinished Business Doctrine Decision ("Reply Mem."), dated March 18, 2011 (Docket No. 31). The Court will make no further citations to these sources unless otherwise specified.

Plan Administrator for Coudert, filed the underlying Adversary Proceedings against the Law Firms seeking, among other things, hourly fees paid to the Law Firms for work performed on former Coudert matters.  The Law Firms moved to dismiss DSI's "unfinished business" claims on the theory that (1) the unfinished business doctrine does not apply to New York partnerships such as Coudert, or (2) to the extent that the unfinished business doctrine applies, it does so only to contingency fee matters and not to hourly fee matters.

In a modified bench ruling, the Bankruptcy Court denied the motions to dismiss.  First, the Bankruptcy Court found that, while the New York Court of Appeals had not addressed the unfinished business doctrine, several decisions of New York's Appellate Division, as well as a decision of the United States Court of Appeals for the Second Circuit, uniformly hold that the unfinished business doctrine applies to New York partnerships.  Second, the Bankruptcy Court rejected the Law Firms' theory that the unfinished business doctrine applies only to contingency fee matters and not to hourly fee matters. Although it could find no New York decision that addressed the distinction, the Bankruptcy Court found persuasive authority from other jurisdictions that approved the application of the unfinished business doctrine to hourly fee matters.  The Court

noted that those authorities were decided under the Uniform Partnership Act, which New York has adopted.

The Bankruptcy Court issued orders denying the motions to dismiss on November 18, 2009, and January 19, 2010 ("Orders"), and it denied the Law Firms' motions to certify the Orders pursuant to 28 U.S.C. § 158(d)(2)(B) for direct review by the United States Court of Appeals for the Second Circuit. The Law Firms now seek leave to appeal these non-final Orders.

## II. **LEGAL STANDARD**

Parties have a limited right to appeal non-final orders of the Bankruptcy Court under 28 U.S.C. § 158(a)(3) ("§ 158(a)(3)"). See Enron Corp. v. Springfield Assocs., L.L.C. (In re Enron Corp.), No. 01 Civ. 16034, 2006 WL 2548592, at *3 (S.D.N.Y. Sept. 5, 2006). In determining whether to grant an interlocutory appeal under § 158(a)(3), district courts apply the standard articulated in 28 U.S.C. § 1292(b) ("§ 1292(b)"), which governs interlocutory appeals from orders of the district court. See id.

A district court may permit an interlocutory appeal under § 1292(b) if (1) the "order involves a controlling question of law"; (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation"; and (3) "there is a substantial ground for difference of opinion" on

that question. § 1292(b); see also Enron, 2006 WL 2548592, at *3. "[A]ll three requirements set forth in section 1292(b) must be met for a Court to grant leave to appeal." Thaler v. Estate of Arbore (In re Poseidon Pool & Spa Recreational, Inc.), __ B.R. __, No. 10 Misc. 753, 2010 WL 4986339, at *3 (E.D.N.Y. Dec. 8, 2010).

In addition, a party seeking leave to appeal a non-final order must demonstrate "exceptional circumstances to overcome the general aversion to piecemeal litigation and to justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Enron, 2006 WL 2548592, at *3 (internal quotation marks and citations omitted).

### III. DISCUSSION

The Court finds that leave to file an interlocutory appeal is not warranted here because none of the statutory requirements are met. The Court is not persuaded that the Orders present a controlling issue of law, that an interlocutory appeal would terminate the Adversary Proceedings or advance their termination, or that there is substantial ground for difference of opinion on the questions presented. Moreover, even if the Law Firms could satisfy § 1292(b), the Court would exercise its discretion to deny leave to appeal

because, in the Court's view of the record, this case does not present exceptional circumstances to depart from the final judgment rule.

A question of law is "controlling" if reversal on that ground "would terminate the action, or at a minimum . . . would materially affect the litigation's outcome." Enron, 2006 WL 2548592, at *4. Here, the parties do not dispute that at least four of the Adversary Proceedings involve causes of action, including breach of contract and fraudulent conveyance, which are distinct from the unfinished business claims. (See Law Firms' Mem. at 8; DSI Mem. at 5; Reply Mem. at 3-4.) Those actions will proceed in the bankruptcy proceedings regardless of the resolution of DSI's unfinished business claims. Under these circumstances, the unfinished business claims do not present a controlling question of law.

For the same reason, an interlocutory appeal would be unlikely to advance the termination of the Adversary Proceedings. See § 1292(b). An appeal from the non-final Orders of the Bankruptcy Court here would create additional delay and "would only serve to prolong the liquidation proceedings."[3] Sec. Investor Prot. Corp. v. Bernard Madoff

---

[3] The Court is mindful that the Law Firms' motions for leave to appeal apparently languished for nearly a year because of misfiling of the motions and other clerical errors.

Inv. Sec. LLC (In re Madoff), SIPA Liquidation No. 08-1789, 2010 WL 3260074, at *5 (S.D.N.Y. Aug. 6, 2010).

Finally, the Court finds that there is no substantial ground for difference of opinion as to whether the unfinished business doctrine applies to New York partnerships. That was the question presented in Santalucia v. Sebright Transportation, Inc., in which the Second Circuit held that "under New York law, when a professional corporation of lawyers dissolves and a lawyer leaves with a contingent fee case, . . . that case remains a firm asset." 232 F.3d 293, 300-01 (2d Cir. 2000). Numerous decisions of the New York Appellate Division are in accord. See id. at 298 (collecting cases); see, e.g., Shandell v. Katz, 629 N.Y.S.2d 437 (App. Div. 1st Dep't 1995).

The Law Firms do not dispute that Santalucia remains good law, but they insist that there is substantial ground for difference of opinion as to whether the unfinished business doctrine applies to hourly fee matters because the New York courts have not decided the issue. Substantial ground for difference of opinion exists where "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." Enron, 2006 WL 2548592, at *4. "The mere presence of . . . a

question of first impression" does not satisfy the requirements of § 1292(b). Id. The Court must weigh the competing arguments to determine "whether there is substantial ground for dispute." Id.

Although the application of the unfinished business doctrine to hourly fee matters is a matter of first impression in New York, that alone does not mean that the question is a "difficult" one. See id. The Law Firms have not cited any authority, and the Court is aware of none, that conflicts with the decision of the Bankruptcy Court. Rather, authorities in other jurisdictions uniformly hold that the unfinished business doctrine applies to hourly fee matters as well as contingency fee matters. See, e.g., Robinson v. Nussbaum, 11 F. Supp. 2d 1 (D.D.C. 1997); Greenspan v. Orrick, Herrington & Sutcliffe LLP (In re Brobeck, Phleger & Harrison LLP), 408 B.R. 318 (Bankr. N.D. Cal. 2009); Official Comm. of Unsecured Creditors v. Ashdale (In re Labrum & Doak, LLP), 227 B.R. 391 (Bankr. E.D. Pa. 1998). The lack of any authority to support the Law Firms' contention regarding hourly fee matters defeats the Law Firms' position that there is substantial basis for dispute. That alone is sufficient to deny the Law Firms leave to appeal. See, e.g., Sec. & Exch. Comm'n v. Syndicated Food Servs. Int'l, Inc., No. 04 Civ. 1303, 2010 WL 5173267

(E.D.N.Y. Dec. 14, 2010). However, even if there were substantial ground for difference of opinion on this issue, the Court would deny leave to appeal because, as discussed above, the remaining requirements of § 1292(b) are not met. See Thaler, 2010 WL 4986339, at *3.

Finally, the Court finds that the Law Firms have not demonstrated "exceptional circumstances," Enron, 2006 WL 2548592, at *3, to depart from the general rule of finality embodied in 28 U.S.C. § 1291. See Blue Water Yacht Club Ass'n v. N.H. Ins. Co., 355 F.3d 129, 141 (2d Cir. 2004) (per curiam). For these reasons, the Court denies the motions for leave to appeal.

## IV. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motions of Akin Gump Strauss Hauer & Feld LLP, Arent Fox LLP, Dorsey & Whitney LLP, Duane Morris LLP, Jones Day, K&L Gates LLP, Morrison & Foerster LLP, Sheppard Mullin Richter & Hamilton LLP, DLA Piper (US) LLP and Dechert LLP (collectively, "Law Firms") (Docket Nos. 2-11) for leave to appeal the November 18, 2009, and January 19, 2010, orders of the United States Bankruptcy Court for the Southern District of New York denying the Law Firms' motions to dismiss are DENIED.

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**

Dated:   New York, New York
         21 March 2011

*[signature]*

Victor Marrero
U.S.D.J.